IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CALVIN EUGENE BARNETT, )
  )
        Plaintiff, )
  )
v. ) No. CIV 10-348-RAW-SPS
  )
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
  )
        Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. He is seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendants are Corrections Corporation of America, the Owner(s) of Correctional Corporation of America, DCF Assistant Warden Robert Ezell, Bill Boyd, DCF Chief of Security Dennis Johnson, DCF Unit Manager Brian, and DCF Captain Berry.

Plaintiff's complaint is scant and vague, but he is alleging the defendants had actual knowledge of a serious danger to two inmates but failed to protect them, resulting in the death of Inmate Nathan Gerrod Houston. He also asserts he was transferred from DCF on March 28, 2007, and charged with First Degree Murder on June 19, 2007 (Docket #1 at 4, 8).

The defendants allege plaintiff's claim is barred by the two-year statute of limitations. According to the defendants, plaintiff was transferred from Davis Correctional Facility to Oklahoma State Penitentiary on March 28, 2007, following his being issued a misconduct for murdering his cellmate Nathan Gerrod Houston. The defendants, therefore, assert plaintiff was not incarcerated at DCF for the two years immediately preceding the filing of his complaint on September 22, 2010.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citations omitted).

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall*, 935 F.2d at 1110.

The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Although plaintiff's complaint does not set forth specific dates for alleged constitutional violations, he is claiming his constitutional rights were violated while he was incarcerated at Davis Correctional Facility,

2

and the complaint clearly states he left DCF on March 28, 2007.

Plaintiff's response to the defendants' motion to dismiss alleges he did not realize "what the defendants had done to him" until his murder trial (Docket #32 at 2). He however, has failed to set forth what he discovered during the trial process, and he has not presented any factual circumstances that would justify equitable tolling.

> [T]he Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or *in the exercise of reasonable diligence,* should have known of or discovered the injury, and resulting cause of action." *Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992). Therefore, if defendants engage in "false, fraudulent or misleading conduct" calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered. *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987); *see also Hurt v. Garrison*, 133 P.2d 547, 550 (1942) (holding a statute of limitations tolled during a period of fraudulent concealment).

*Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (emphasis in original). The court finds no basis for tolling the two-year statute of limitations.

**ACCORDINGLY,** the defendants' motion to dismiss (Docket #24) is GRANTED, and this action is, in all respects, DISMISSED, pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this 21st day of July 2011.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**